UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY RYAN MCDONALD,    )<br>        Plaintiff,    )<br>        )<br>    vs.    )<br>        )<br>SETH SOUTHWORTH,    )<br>        Defendant.    ) | 1:07-cv-217-JMS-DFH |

## ENTRY DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND ORDERING PHYSICAL EXAMINATION

This matter is before the Court on Plaintiff's Motion for Protective Order (Dkt. # 57). The motion is fully briefed, and being duly advised, the Court **DENIES** the motion and **ORDERS** that Plaintiff submit to a physical examination for the reasons set forth below.

Plaintiff claims injuries resulting from an auto accident allegedly caused by Defendant's negligence. The accident occurred within the Southern District of Indiana. Plaintiff resides in Arkansas and Defendant resides in Indiana. In response to Defendant's request that Plaintiff submit to a physical examination, Plaintiff has filed a Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1). Alternatively, should the Court order an examination pursuant to Federal Rule of Civil Procedure 35(a), Plaintiff requests that Defendant not be permitted to choose the examiner or location of the examination, and also that Defendant pay all expenses, including Plaintiff's travel costs, associated with any ordered examination.

Plaintiff's contention that he is not required to undergo a physical examination absent a court order is correct. Rule 35(a) reads, in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition - including blood group - is in controversy to submit to a physical or

>mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control. [T]he order [m]ay be made only on motion for good cause and on notice to all parties and the person to be examined; and [m]ust specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

In this case, it appears the Defendant requested that the Plaintiff submit to an examination by Defendant's expert. When Plaintiff refused, Defendant scheduled an examination for Plaintiff. This prompted Plaintiff to move for a protective order, though Defendant had not yet asked the Court to order an examination. Procedural details notwithstanding, the Court recognizes that Defendant's responsive brief requests the Court to order the physical examination at issue.[1]

**Plaintiff's injuries are "in controversy" within the meaning of Rule 35(a) and good cause exists for the Court to order an examination.**

In *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), the Supreme Court addressed the "in controversy" and "good cause" requirements of Rule 35. These requirements "are not met by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant." *Id.* at 118.

---

[1]The parties are reminded that the last page of the Case Management Plan advises the parties to request a phone status conference prior to filing any motion to compel or motion for protective order. The purpose of this is to allow the Court an opportunity to help the parties resolve their conflict prior to expending the time and fees required to brief and respond to these motions.

It is important to note the procedural posture of *Schlagenhauf*. The petitioner was one of several *defendants* in a personal injury action. In response to a request from one of the co-defendants, the district court ordered the petitioner to submit to several physical and mental examinations. The petitioner's application for mandamus relief from the examination order was denied by the 7th Circuit, and the Supreme Court granted certiorari. Understanding this illuminates the Court's further commentary:

> [o]f course, there are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. This is not only true as to a plaintiff, but applies equally to a defendant who asserts his mental or physical condition as a defense to a claim . . . . Here, however, Schlagenhauf did not assert his mental or physical condition either in support of or in defense of a claim. His condition was sought to be placed in issue by other parties. Thus, under the principles discussed above, Rule 35 required that these parties make an affirmative showing that petitioner's mental or physical condition was in controversy and that there was good cause for the examinations requested. This, the record plainly shows, they failed to do.

*Id.* at 119. Because the petitioner had not "affirmatively put into issue his own mental or physical condition," his mere involvement in the accident was insufficient to warrant an automatic order for examination, and the Court remanded the case to the district court to reconsider its order. *Id.* at 121. Justice Douglas would have gone even further, denying altogether the co-defendant's petition for the examination, by finding that a defendant's condition is not put "in controversy" in a negligence action, regardless of the showing made by a plaintiff. *Id.* at 126 (Douglas, J.**,** dissenting in part). Like the majority, Justice Douglas noted a distinction between plaintiffs and defendants in the Rule 35 context:

> When the defendant's doctors examine plaintiff, they are normally interested only in answering a single question: did plaintiff in fact sustain the specific injuries claimed? But plaintiff's doctors will naturally be inclined to go on a fishing expedition in search of anything which will tend to prove that the defendant was

unfit to perform the acts which resulted in the plaintiff's injury.

*Id.* at 125. He added:

> The plaintiff by suing puts [his mental or physical condition] 'in controversy.' A plaintiff, by coming into court and asserting that he has suffered an injury at the hands of the defendant, has thereby put his physical or mental condition 'in controversy.' Thus it may be only fair to provide that he may not be permitted to recover his judgement unless he permits an inquiry into the true nature of his condition.

*Id.* at 126.

In the case at bar, Plaintiff's assertion of physical injury has placed that injury clearly in controversy and provided the defendant with good cause for an examination to determine the existence and extent of his asserted injury. Under *Schlagenhauf*, therefore, the requirements of Rule 35 have been met.

Plaintiff argues that his injury is not "seriously in controversy" because Defendant does not explicitly dispute any of Plaintiff's specific injuries, and because Defendant's attorneys "know that the injury is irrefutably established by the medical records and depositions to date . . ." (Pl.'s Reply pg. 4). However, Defendant's Answer to the Complaint quite clearly refutes Plaintiff's argument. In his Answer, Defendant admits "he was negligent and was a proximate cause of the collision at issue as generally alleged." (Def. Answer, ¶ 8). However, clearly Plaintiff's injuries are in controversy, as Defendant's Answer indicates that he denies or is without information to form a belief as to Plaintiff's allegations that he has incurred, and will continue to incur, damages in the form of pain, suffering, mental anguish, and medical, pharmacy, hospital and therapy bills for "a permanent and debilitating injury to the body as a whole in the cervical and lumbar spine, with associated pain in both his arms and legs." (Pl. Complaint, ¶ 10). Thus, if, in fact, Plaintiff's injury was "irrefutably established," there would be no need to continue this action, as there would be nothing for a jury to decide. Further,

Defendant has deposed all five of Plaintiff's treating physicians, indicating the nature and extent of Plaintiff's injuries is indeed in controversy.[2]

The Court notes, however, Plaintiff's recitation of other courts' holdings that physical or mental examination orders under Rule 35 "res[t] in the sound discretion of the court." *Bucher v. Krause*, 200 F.2d 576, 584 (7th Cir. 1953) (holding district court did not abuse its discretion in refusing to grant defendant's motion for physical examination of plaintiff). The Court points out that Plaintiff's arguments for discretion cut both ways, and courts have discretion to grant motions for Rule 35 examinations just as they have discretion to deny them. In addition, many of Plaintiff's cited cases pre-date *Schlagenhauf*, are out-of-jurisdiction, state court decisions, or both.

Any further requirement for good cause imposed by post-*Schlagenhauf* courts is satisfied in this case. Defendant utilized other discovery methods before seeking this physical examination by reviewing Plaintiff's existing medical records. *See Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D. Ind. 1986) (holding defendants whose experts had already reviewed plaintiff's medical records had demonstrated a reasonable basis for requesting a mental examination of plaintiff). Further, the requested examination is not needlessly duplicative, cumulative, or invasive. *See Peters v. Nelson*, 153 F.R. D. 635, 638-369 (N.D. Iowa, 1994) (granting defendant's request for two examinations of plaintiff, by doctors of two different specialties, when defendant had already received plaintiff's expert's examination report).

The Court concludes, therefore, that an order for physical examination of Plaintiff is appropriate, as Plaintiff's injuries are "in controversy" within the meaning of Rule 35(a) and

---

[2]This is further evidenced by the portion of Dr. Greenberg's deposition provided as Exhibit 1 to Defendant's Response.

good cause exists for such an order.

**Defendant's requested examiner is acceptable to the Court.**

Rule 35 provides that the court may order a physical examination by a "suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). No other requirements or suggestions for selecting an examiner are set forth in the Rule. "While defendant may not have an absolute right to choose its examining doctor, the defendant's choice should be respected in the absence of a valid objection." *Chrissafis v. Continental Airlines, Inc.*, 1997 WL 537874 at 5 (N.D. Ill.) (citing *Powell v. U.S.*, 149 F.R.D. 122, 124 (E.D. Va. 1993). "[W]hen no serious objection arises, it is probably best to appoint the doctor of the moving party's choice." *Chaney v. Venture Transport, Inc.*, 2004 WL 445134 (E.D. La.) at 1 (citing 8A Wright, Miller and Marcus, *Federal Practice and Procedure* § 2234.2 (2d ed. 1994). When defendants have had "absolutely no say in determining which physician and expert plaintiff has chosen," plaintiff should not have "more of a say in defendant's choice" absent a valid objection. *Id.* Though a court may be reluctant to subject a plaintiff to "lengthy, invasive, painful and stressful testing absent a clear and convincing showing of a compelling need," the plaintiff is the one who initiates the action and seeks damages. *Stinchcomb v. U.S.*, 132 F.R.D. 29, 30-31 (E.D. Pa. 1990). "It would not be fair to permit a plaintiff to routinely rely on the very condition of which he complains to defeat a defendant's ability to prove that he did not cause that condition." *Id.* at 31.

Plaintiff asserts that Defendant's chosen examiner, Dr. Duerden, "appears, by all accounts, to be an expert retained by the Defendant and/or his liability carrier. Being an expert retained by a party with a stake in the outcome, Dr. Duerden is not a suitable candidate to perform the Court's medical examination," (Pl.'s Br. pg. 3), and has "probable bias" (Pl.'s Reply pg. 5).  Plaintiff then suggests that because his treating physician Dr. Greenberg is not a trial

expert retained by the Plaintiff or his legal counsel, he should be selected by the court as "[t]he most credible and reliable candidate to perform an 'independent medical examination.'" (Pl.'s Br. pg. 4).

The Court finds three problems with Plaintiff's argument. First, Defendant has asked that his expert be allowed to examine the Plaintiff, not that the Court appoint an independent or neutral third-party examiner. Second, Plaintiff's suggestion that an expert selected by a party "with a stake in the outcome" is not a suitable examiner would effectively foreclose all personal injury defendants from having their own experts examine plaintiffs. This contention runs contrary to what the law provides. Third, by asserting that Plaintiff's treating physician is the "most credible" examiner, Plaintiff again seeks to remove from the jury one of its specific duties - that of determining credibility.

Plaintiff's "landmark" case on this issue, *The Italia*, 27 F.Supp. 785 (D.N.Y. 1939), states "[i]t naturally rests within the discretion of the Court to appoint the physician chosen by the defendant, if it is felt the interests of justice will best be served in that manner. In fact, the provisions of Rule 35(b)(1) appear to point in the direction of giving the defendant the same opportunities of developing his own evidence as are available to the plaintiff. Therefore, where no serious objection arises, it is probably best for the Court to appoint the physician chosen by the defendant." *Id.* at 785-786.[3] The *Italia* court held that "under the circumstances," *id.*, the defendant's physician should not be appointed, but the court failed to describe what "circumstances" or "strenuous objection" prompted its decision. It is therefore impossible to judge the nature of the plaintiff's objection in that case in order to meaningfully apply its

---

[3] The content of Rule 35(b)(1) in 1939 was essentially the same as it is today. *See* S. Doc. No. 76-101, at 46-47 (1939).

holding.

Plaintiff's claim of Dr. Duerden's bias seems to rest solely on his belief that Dr. Duerden has "probable" involvement with Defendant's counsel in other cases. While that is certainly possible, it does not make Dr. Duerden an improper examiner. As they will with Dr. Greenberg, the jury will determine Dr. Duerden's credibility. *See Chaney*, 2004 WL 445134 at 1 (finding "defendants should be accorded some deference in the choice of their physician" as plaintiff was free to choose his physician and noting that plaintiff will have the opportunity to cross-examine defendant's physician at trial).

Plaintiff also objects to examination by Dr. Duerden because he is not a surgeon, but rather is a specialist in physical medicine and rehabilitation. "Being a physiatrist, he can render opinions based upon diagnostic testing and examinations, but he cannot perform surgery or make surgical decisions." (Pl.'s Reply pg. 5). Based on Defendant's request, it appears that Defendant wants Dr. Duerden to render an opinion based upon his examination of Plaintiff. That is precisely what Plaintiff has stated Dr. Duerden is qualified to do. Plaintiff maintains he "suffered a permanent and debilatating injry to the body," (Pl.'s Compl.¶ 10), and his physician asserts he will have a lengthy recovery period (Def.'s Ex. 1). It seems reasonable that, as a specialist in rehabilitative medicine, Dr. Duerden could provide opinions as to the residual permanence of Plaintiff's injuries. As to his qualifications to render other opinions or make other decisions, that again is an issue for Plaintiff to present to the jury. In addition, it would not be unheard of for a court to order examinations by two different specialists chosen by a defendant. *See Peters*, 153 F.R.D. 635 at 639 (ordering examinations by both a psychiatrist and a neuropsychologist).

The Court has reviewed Dr. Duerden's *curriculum vitae*. He is board-certified in Physical Medicine and Rehabilitation in addition to three subspecialties. He has an unrestricted license to

practice medicine in the state of Indiana. He is licensed and certified as required by Rule 35 and the Court finds Plaintiff has not presented any valid objection to his appointment.

**Plaintiff must travel to Indianapolis for the examination, at his own expense.**

"The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for examination in that forum. In the case of a physical examination, this rule ensures that the examining doctor is available as a witness at trial." *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) (internal citations omitted). *See also McCloskey v. United Parcel Service*, 171 F.R.D. 268, 270 (D. Or. 1997) ("a doctor's presence at trial is made more likely if the doctor is chosen within the jurisdiction of the court"). The plaintiff is expected to pay the costs of litigation in his chosen forum, and the party being examined must typically pay his travel expenses to an examination in a forum state. *Id.* For an exception to be made, the burden is not on the defendant to demonstrate that a satisfactory examination cannot be had at a nearer locale to the plaintiff, but rather on the plaintiff to show that traveling to the examination poses undue burden or hardship. *Levick* at 672. It is not unreasonable, however, for a court to order a defendant to advance travel funds to a destitute plaintiff, with the amount to be deducted from the plaintiff's recovery in the case. *See Warren v. Weber & Heidenthaler*, 134 F.Supp. 524, 525 n.1 (D. Mass.1955).

The Plaintiff selected this forum, and "the rule is not changed by the fact that he may have selected it by necessity." *Id.* at 525 (citing *Solomon v. Teitelbaum*, 9 F.R.D. 515 (E.D.N.Y. 1949). *See also Levick*, 228 F.R.D. 671 at 672 n.1 (holding plaintiff whose California suit was relocated to Florida due to forum selection clause was required to travel to Florida for examination). Further, it is not inconceivable that a court could order a plaintiff to travel some distance from not only his home but also from his selected forum. *See Stinchcomb*, 132 F.R.D.

29 (ordering hearing on, rather than denying, defendant's request that New York resident plaintiff who filed suit in Pennsylvania travel to California for medical examination).[4]

Plaintiff states that he has already traveled to Indianapolis to give a deposition, and that Defendant did not at that time suggest he submit to a physical examination. He claims returning for such an examination would be "unnecessarily burdensome." (Pl.'s Reply pg. 6). While certainly it is preferable that all parties' travel be minimized, and it would have been ideal had the examination been performed at the same time as the deposition, this is not always possible, nor is it necessary. Defendant did not receive all of Plaintiff's medical records until sometime in May or June, 2008. Defendant wanted to wait to schedule a physical examination until his counsel and the examiner had reviewed those records, so that the scope of the proposed examination could be determined. It seems reasonable that combining the two trips was impractical. Moreover, the Plaintiff has failed to demonstrate how making this trip would create a specific undue burden or hardship for him. In *Levick*, 228 F.R.D. at 672, the plaintiff's motion for protective order asserted she was of limited financial means and was caring for her gravely ill daughter with cancer. The court found that because she did not provide details or specifics to support her contentions, she had not demonstrated undue hardship.

Plaintiff in this case asserts only that traveling to Indianapolis will be "unnecessarily burdensome." Because this contention is insufficient to demonstrate his claimed hardship, the Court finds that Plaintiff must bear the expense of travel to Indianapolis for Dr. Duerden's examination.

---

[4]In *Reed v. Marley*, 321 S.W.2d 193, 197 (Ark. 1959), the Arkansas case Plaintiff cites in his brief, the court ordered the plaintiff to travel to defendant's chosen examiner, 121 miles from her home and chosen forum of Fayetteville, despite the fact that the parties had stipulated that a "licensed, qualified and practicing" physician was located in Fayetteville.

**Order for Examination**

The Court finds that Defendant's requested scope of examination, as recited in Dr. Duerden's affidavit (Def.'s Ex. 2) is acceptable. The Court therefore orders an examination by Dr. Duerden, limited to a physical examination of Plaintiff's neck, chest, cardiac, abdomen, lumbar, extremities, and other such areas. No invasive procedures or diagnostic testing, including laboratory analysis, x-rays, MRIs or discography, may be performed. The examination shall take place at Dr. Duerden's Rehabilitation Associates of Indiana office. Plaintiff may engage a videographer to record the examination, at his own expense.

As this order precedes the previously scheduled July 14, 2008 examination by such a short time, the Court recognizes the impracticability of maintaining that schedule. The parties are ordered to meet and confer to reschedule the examination as expeditiously as possible on a date acceptable to all parties. Defendant is urged to make every effort to schedule the examination to allow Plaintiff to return to Arkansas the same day, if Plaintiff chooses to fly to Indianapolis. The parties are reminded that a settlement conference remains set for August 18, 2008 and trial remains set for September 30, 2008.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Protective Order and **ORDERS** a physical examination of the Plaintiff.

**SO ORDERED.**

July 10, 2008

_Jane Magnus-Stinson_
Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

John Andrew Ellis
THE BOSWELL LAW FIRM
Email: jaellis@boswellaw.com

Ted Boswell
BOSWELL TUCKER & BREWSTER
Email: tboswell@boswellaw.com

Laura Elizabeth Trulock
HUME SMITH GEDDES GREEN &
SIMMONS
Email: ltrulock@humesmith.com

Michael Eugene Simmons
HUME SMITH GEDDES GREEN &
SIMMONS
Email: msimmons@humesmith.com